320 P.2d 1109

Gordon C. McGAVIN, Plaintiff and Appellant,

v.

PREFERRED INSURANCE EXCHANGE, Wayne Murray and Wayne Murray, Jr., dba Murray & Company, a copartnership, Utah Motor Club, Inc., a corporation, and Sam Arge, Defendants and Respondents.

No. 8714.

Supreme Court of Utah.

Feb. 5, 1958.

---

Paul E. Reimann, Salt Lake City, for appellant.

W. J. O'Connor, Jr., Ray, Quinney & Nebeker, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from an order dismissing plaintiff's amended complaint without prejudice. Remanded with instructions. No costs awarded.

The dismissal was bottomed on failure to state a claim on which relief could be granted. The complaint is somewhat prolix and is to a great extent a recitation of evidence, rather than being a short, concise statement of a claim, as contemplated by our rules of procedure.[1] It sounds partly in contract and partly in deceit, with no separate statements in counts or paragraphs as independent claims. The claims for general damages and punitive damages are mingled, the former for breach of contract and the latter presumably arising out of

tort. Without separation as a distinct claim, there is a hint in some of the language of a claim for services performed not arising out of an express promise.

Since the dismissal was without prejudice, it seems obvious that whatever claim plaintiff has would be pursued in another action, if not in this one. It would seem reasonable and sensible, therefore, and would expedite the matter considerably, if plaintiff were permitted to redraft his pleadings, within the spirit of Rule 15, U.R.C.P. along lines suggested in this opinion. The lower court is ordered to set aside the judgment and permit an amendment, on condition, however, that if such amendment is not made within such reasonable time as is hereafter given by the trial court, the action will be dismissed without prejudice, as before.

McDONOUGH, C. J., and WADE and WORTHEN, JJ., concur.

CROCKETT, Justice (dissenting).

I dissent. The question is whether the trial judge abused his discretion in granting a motion to dismiss a complaint which he determined to be "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[2] After the plaintiff had once amended, as he had

---

1. Rule 8(a) and 8(e) (1), Utah Rules of Civil Procedure.

2. Rule 12(e), U.R.C.P.

done here, and the complaint still has the faults enumerated in the main opinion, I think it was within the court's discretion to dismiss without prejudice, and it was not mandatory to grant further leave to amend.[3] It is elementary that unless there is a clear abuse of discretion the trial court's ruling should stand.

3. As to court's discretion to dismiss for defective pleadings see 2 Moore's Federal Practice, 2d Ed. p. 2307.